FILED
August 29, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JW_____
        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SHON MACIAS, § | |
| § | |
| v. § | NO. 3:24-CV-00347-DB-LE |
| § | |
| LELAND C. DUDEK, § | |
| ACTING COMMISSIONER OF § | |
| SOCIAL SECURITY ADMINISTRATION § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil action seeking judicial review of an administrative decision. Pursuant to 42 U.S.C. § 405(g), Plaintiff Shon Macias, the claimant at the administrative level, appeals from the final decision of Defendant Acting Commissioner of the Social Security Administration ("Commissioner") denying his claims for Social Security benefits. The Honorable Senior District Judge David Briones referred this case to the undersigned Magistrate Judge for a report and recommendation. For the reasons set forth below, the Court recommends that the Commissioner's decision be **AFFIRMED**.

### I.  BACKGROUND

On October 19, 2021, Macias applied for Social Security benefits alleging that he became disabled as of January 15, 2002[1], due to dyslexia, epilepsy, and right-sided muscle weakness.[2] He was twenty-six years old when he applied for benefits.[3] He has at least a high school education.[4] Previously, he worked as a telephone sales clerk and as a telephone service operator.[5]

---

[1] Tr. of Admin. R. [hereinafter cited as "Tr"] at 24.
[2] *Id*. at 30.
[3] *Id*. at 36.
[4] *Id*.
[5] *Id*.

1

After his claims were denied initially on April 11, 2022 and upon reconsideration on March 29, 2023, Macias requested a hearing by an administrative law judge (ALJ).[6] On March 12, 2024, ALJ Talia Timmins held a hearing, where Macias, *pro se* and without a representative, and a vocational expert testified.[7] On April 30, 2024, ALJ Timmins issued her written decision in which she denied Macias's application finding that he was not disabled.[8] On July 30, 2024, the Appeals Council denied Macias's request for review of the ALJ's decision;[9] the ALJ's decision thus became the final decision of the Commissioner.[10]

## II.   STANDARDS FOR DETERMINING DISABILITY AND ALJ'S FINDINGS

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In determining disability, the ALJ evaluates the following five-step sequential evaluation process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medical determinable impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *See Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017); *see also* 20 C.F.R. § 404.1520(a)(4). "The burden of proof is on the claimant at the first four steps," *Kneeland*, 850 F. 3d at 753. If the claimant meets this burden, at

---

[6] *Id*.at 24.
[7] *Id*.at 46-80.
[8] *Id*.at 21-42.
[9] *Id*.at 4-6.
[10] *Id*.

step five, the burden shifts to the Commissioner to prove the claimant's employability," *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021).

Between step three and four, the Commissioner assesses the claimant's residual functional capacity (RFC). *Kneeland*, 850 F.3d at 754. "The claimant's RFC assessment is a determination of the most the claimant can still do despite his or her physical and mental limitations and is based on all relevant evidence in the claimant's record." *Id.*; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1). The RFC assists in determining whether the claimant can do past work or other available work." *Kneeland*, 850 F.3d at 754.

Here, ALJ Timmins evaluated Macias's disability claims pursuant to the abovementioned sequential evaluation process. At step one, the ALJ found that Macias had not engaged in substantial gainful activity since October 19, 2021 (his alleged disability onset date).[11] At step two, the ALJ found that Macias had the following severe impairments: epilepsy, a mental impairment variously assessed as a major depressive order, unspecified anxiety order, and attention deficit hyperactivity disorder (ADHD).[12] At step three, the ALJ found that Macias did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments for disability.[13] Next, the ALJ found that Macias has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: he can never climb ladders, ropes, and scaffolds or balance on moving surfaces; he can never work in the presence of hazardous machinery, at unprotected heights, or be required to operate a motor vehicle as part of the job duties; he can never work in

---

[11] *Id.* at 26.
[12] *Id.* at 27.

[13] *Id.* at 27-29.

the presence of unprotected bodies of water; he can understand, remember and carry out simple instructions, use judgment to make simple work-related decisions, can attend and concentrate for two hours at a time, frequently interact with coworkers, supervisors, other than periods of instruction, and frequently interact the general public, and deal with occasional changes in a routine work setting.[14]

The ALJ found that Macias could not perform past relevant work as a telephone sales clerk or a telephone service operator.[15] She noted the claimant's age at 26 years old, which is defined as a younger individual age 18-49, with at least a high school education, and that transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is not disabled.[16] She also determined that considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.[17] Macias could perform, and his RFC does not preclude the performance of the requirements of representative occupations such as hand packager: DOT 920.587-018, medium, SVP 2, with approximately 84,300 jobs in the U.S. national economy; laundry aide: DOT 323.687-010, medium, SVP 2, with approximately 56,100 jobs in the U.S. national economy; and a kitchen helper: DOT 318.687-010, medium, SVP 2, with approximately 144,900 jobs in the U.S. national economy.[18] For this reason, the ALJ concluded that Macias had

---

[14] *Id.* at 29.

[15] *Id.* at 36.
[16] *Id.* at 36-37.
[17] *Id.* at 37.
[18] *Id.* at 37.

not been disabled since October 19, 2021, the alleged disability onset date, through April 30, 2024, the date of the ALJ's decision.[19]

### III. APPLICABLE LEGAL STANDARDS

This Court's review of the Commissioner's decision is limited to two issues: (1) whether the final decision is supported by substantial evidence on the record as a whole and (2) whether the Commissioner applied the proper legal standards to evaluate the evidence. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). Substantial evidence is more than a scintilla, less than a preponderance, and is sufficient for a reasonable mind to accept as support for a conclusion. *See Id.*

In applying the "substantial evidence" standard, the court may not reweigh the issues or try the issues *de novo*. *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez v. Charter*, 64 F.3d 172, 173 (5th Cir. 1995)(per curiam).

### IV. DISCUSSION AND ANALYSIS

Macias alleges that the Commissioner erred as a matter of law because she (1) substituted her own lay opinion for that of medical experts as it relates to severe mental limitations; (2) failed to adequately analyze mental health expert opinions by providing illogical explanations

---

[19] *Id.* at 38.

and inviting speculation; (3) failed to adequately assess the Plaintiff's migraine headaches as a medically determinable impairment and by failing to fully and fairly develop the record; and (4) inadequately assessed the Plaintiff's credibility by failing to consider the evidence that his inability to afford medical treatment justified the "little to no specialized mental health treatment.[20]

### A. ALJ's Did Not Substitute Lay Opinion For Medical Experts' Opinions

Macias argues that the ALJ substituted her own lay opinion for that of the medical experts.[21] There is no requirement that the ALJ adopt a specific physician's assessment when determining a claimant's RFC *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *4 (5th Cir. Jan. 18, 2023) (per curiam). "[T]he ALJ cannot completely disregard medical testimony in making an RFC determination, . . . [but] the ALJ's decision need not mirror a medical opinion." *Jones v. Kijakazi*, 625 F. Supp. 3d 549, 553 (S.D. Miss. 2022). The ALJ has the "exclusive responsibility as the fact-finder to evaluate medical opinions . . . and decide whether they are supported by and consistent with the rest of the record." *Myers v. Berryhill*, 373 F. Supp. 3d 528, 535 (M.D. Pa. 2019).

The ALJ reviewed all of the relevant evidence and found that Plaintiff had the mental RFC to understand, remember and carry out simple instructions.[22] Additionally, the ALJ states that Plaintiff was able to use judgment to make simple work-related decisions, attend and concentrate for a time period of two hours, interact with others and deal with occasional changes in the work setting.[23] The ALJ must properly analyze the medical evidence to determine the claimant's ability to work. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). The ALJ must

---

[20] Pl.'s Br. at 9.
[21] *Id.* at 11-15
[22] *Tr.* at 29.
[23] *Id.*

determine the RFC and is required to determine if medical opinions provided are unpersuasive. *Id. See also,* 20 C.F.R. §§ 416.920c, 416.945.

Plaintiff states that no expert opinion supports the ALJ RFC decision that Plaintiff can "use judgment to make simple work-related decisions, can attend and concentrate for two hours at a time.[24] He further alleges that rather than relying upon persuasive medical opinions, the ALJ decided to reject the limitations based on her lay review of the record. [25] However, the record is clear as to why the ALJ found unpersuasive the opinions of Dr. Margaret J. Hauck, Dr. James W. Shutte, and Dr. Alejandro Robles. [26]

### 1. ALJ Found Opinions Unpersuasive

The ALJ gave detailed explanation on the limited relevance of the opinions of Dr. Shutte.[27] Dr. Schutte says that the claimant's ability to reason seems markedly impaired due to ADHD and an intellectual disability; his ability to make occupational, social, and personal adjustments seems moderately impaired due to ADHD, depression, anxiety, ADHD, stuttering, and an intellectual disability.[28] The ALJ specifically states "these results are not consistent with the overall record because the claimant appears alert and oriented, responding appropriately to questions, and several notes showing that he is able to interact with medical personnel without presenting inconsistent behavioral responses."[29] She further notes that his medical records are clear that Plaintiff consistently denies needing help with reading, watching television, understanding others in conversation, shopping, doing laundry, managing money, or using a

---

[24] Pl.'s Br. at 13.
[25] *Id.* at 14.
[26] Tr. at 28-36.
[27] *Id.* at 28-29, 35-36.
[28] *Id.* at 28-29.
[29] *Id.*

7

telephone.[30] She finds that the evidence as a whole supports the claimant has no greater than moderate limitation understanding, remembering, or applying information by using the medical information provided by the doctor in conjunction with analysis of the entire record.[31]

As to Dr. Hauck and Dr. Robles, the ALJ does the exact same analysis in interpreting the medical evidence to determine if Plaintiff can work.[32] The ALJ is not substituting her lay opinion. [33] Dr. Hauck, a psychologist, opined that Plaintiff could not sustain appropriate concentration, persistence, and pace over a two-hour period of time across an eight-hour day. She believes Plaintiff is unable to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods and cannot perform even simple work.[34] The ALJ states that Dr. Hauck's prior administrative medical findings are not persuasive as supported only by a reference to the evaluation by Dr. Schutte and explanation that a review of the prior folder record and report of work history does not support a diagnosis of intellectual disabilities or signs of anxiety and depression.[35] The opinion is not persuasive because it is inconsistent with the evidence as a whole reflecting little to no treatment or complains of symptoms of mental health, other than claimant's diary entries.[36]

When he saw Dr. Robles, he denied severe depression or severe mood swings; reported no treatment for any psychiatric disorder; and, he reported no difficulties with daily activities or reading, understanding others, watching television, depressed mood, or unexpected weight loss.[37]

---

[30] *Id.*
[31] *Id.*
[32] *Id.* at 28-36.
[33] *Id.*
[34] *Id.* at 34.
[35] *Id.*
[36] *Id.*
[37] *Id.* at 32.

Plaintiff reported that playing video games is a trigger for seizure activity, yet testified he spends his time playing video games, including multi-player games with other individuals online, tries new games one to two times per week, watches television, and will play a puzzle game on his computer.[38] Plaintiff testified he is able to interact with others using a headset when playing online video games, uses his computer for playing games, watching movies and navigating the internet, and that he is able to search for new topics, understand what he is reading, and understand instructions and the purpose of his video games.[39] The explanation in the decision is complete and based on all of the evidence. Contrary to Plaintiff's assertion, it is some evidence that Plaintiff can use judgment to make work-related decisions and can attend and concentrate for two hours at a time. [40] The ALJ only discounted the significantly limiting opinions that were inconsistent with the above normal mental status findings and evidence of Plaintiff's daily activities that were part of the record.

### 2. ALJ Considered Other Medical Opinions

In addition to all the medical opinions discussed above, the ALJ specifically states "Dr. Gerrish considers the claimant's follow ups for epilepsy, along with the in-person observations and findings by Dr. Robles."[41] "The function report also says that he cares for pets and can do his personal care. He can do laundry and uses no assistive device."[42] "This is persuasive."[43] An ALJ may properly formulate an RFC without adopting a medical opinion that is still based on substantial evidence. *See Webster*, 19 F.4th at 719. It is clear from the record that the ALJ did not

---

[38] *Id.*
[39] *Id.* at 32-33.
[40] Pl's Br. at 13.
[41] *Id.* at 33.
[42] *Id.*
[43] *Id.*

substitute her lay opinion but instead did a detailed analysis of the medical evidence to determine if he could work.

When developing the RFC, the ALJ considered the medical evidence, medical opinions in the record, and the claimant's testimony. The Court concludes that there is substantial evidence to support the ALJ's decision on the RFC

### B.   Failure to Adequately Analyze Mental Health Expert Opinions

Macias claims that the ALJ failed to adequately analyze the mental health expert opinions by providing illogical explanations and inviting speculation.[44] The issue is whether the ALJ properly evaluated the medical opinion evidence under the regulations.[45] As stated above, the ALJ considered the medical evidence to determine if it was persuasive. 20 C.F.R. § 416.920(b). The ALJ followed the law and detailed her explanation on how persuasive she found the medical opinion evidence to be based on supportability and consistency.[46]

The ALJ stated how persuasively she found the medical opinion evidence based on supportability and consistency with the entire medical record.[47] The ALJ considered Dr. Margaret J. Hauck's prior administrative medical findings and found them unpersuasive.[48] The ALJ explained that the findings lacked support was inconsistent with the rest of the record such as Plaintiff's denial of depression.[49] The findings themselves were also inconsistent with Plaintiff's lack of mental health treatment, aside from a prescription for Sertraline; normal mental status findings; and Plaintiff's daily activities that included playing video games,

---

[44] Pl.'s Br. at 9.
[45] Def.'s Resp. at 1.
[46] Tr. at 28-36.
[47] *Id.*
[48] *Id.* at 34.
[49] *Id.*

10

watching television, shopping and doing laundry.[50] The ALJ explained that she found this evidence inconsistent with "being unable to maintain concentration for even two hours and inability to sustain concentration and pace for even simple work."[51] The ALJ also considered Schutte's evaluation and found his moderate to marked limitations unpersuasive explaining in detail her opinions. [52] The ALJ noted that there was some support for the limitations, like IQ testing and the assessment of intellectual disorder and ADHD but pointed to inconsistencies in the record including no other complaints or treatment for ADHD; normal mental status findings; and Plaintiff's daily activities.[53] As previously stated, when he saw Dr. Robles, he denied severe depression or severe mood swings; reported no treatment for any psychiatric disorder; and, he reported no difficulties with daily activities or reading, understanding others, watching television, depressed mood, or unexpected weight loss.[54] Plaintiff simply disagrees with the ALJ's ruling but it does not change the accuracy of her analysis and application of the law.

### C.  Migraine Headaches Not Medically Determinable Impairment

The burden of proof of demonstrating that migraine headaches were a medically determinable impairment is on Plaintiff, and it must be established by objective medical evidence from an acceptable medical source. 20 C.F.R. § 416.921. "Objective medical evidence is medical signs, laboratory findings, or both." *Id.* § 404.1513(a)(1); *see also Id.* § 404.1502(g) The statute specifically states that the agency adjudicators "will not use [a claimant's] statement of **symptoms**, a **diagnosis**, or a **medical opinion** to establish the existence of an impairment(s)." *Id.* § 404.1521. The evidence presented was that Plaintiff complained about headaches during the

---

[50] *Id.* at 35.
[51] *Id.*
[52] *Id.* at 35-36.
[53] *Id.*
[54] *Id.* at 32.

relevant period but not of medically acceptable and laboratory diagnostic evidence. *Id.* § 416.921. The ALJ could therefore have concluded that Plaintiff's migraines were not based on any observations made by a doctor during physical examination, much less any laboratory findings or tests, but instead were based on Macias's subjective reports.

Additionally, contrary to the claims of Plaintiff, the ALJ did consider the testimony from Plaintiff regarding migraines, including that they "pop up" once a day and that he takes Tylenol a couple of times a week.[55] The medical records reviewed also include treatment in the emergency room due to mild headaches.[56] Plaintiff testified at the hearing that he gets migraines that cause trouble doing any kind of work, because he just feels like he wants to curl up on his bed and turn off the light.[57] However, the evidence did not show that his migraines were a medically determinable impairment, and the ALJ was not required to further develop the record. *See Hernandez v. Astrue*, 269 Fed. App'x 511, 515 (5th Cir. 2008). An "ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Loaiza v. Kijakazi*, No. SA-20-CV-01110-ESC, 2022 WL 980154, at *5 (W.D. Tex. Mar. 31, 2022). The weight to be given the evidence is within the ALJ's discretion. *Id.*

**D.   Consideration of Plaintiff's Inability to Pay for Medical Treatment Not Error**

Plaintiff claims the ALJ did not consider Plaintiff's inability to afford mental health treatment. The ALJ's observation of the lack of mental health treatment is only noted as one factor for the analysis that Plaintiff's limitations are not as severe as claimed. 20 C.F.R. § 416.929 (c)(3)(v). The records demonstrate that he denied having depression and anxiety.[58]

---

[55] Tr. at 72-73.
[56] *Id.* at 31; *see also Id.* at 477.
[57] *Id.* at 73.
[58] *Id.* at 32.

The ALJ correctly considered Plaintiff's subjective complaints and found them not entirely consistent with the record.[59] As state in above paragraphs, the ALJ considered how the objective evidence was inconsistent with Plaintiff's allegations such as normal mental status findings and repeated denials of depression or mood swings.[60] She considered other evidence too, including Plaintiff's daily activities; the details of his symptoms; aggravating factors; medication details; treatment; and other measures used to relieve his symptoms. 20 C.F.R. § 416.929(c)(3)(i)-(vii). All these issues were considered when determining the appropriate RFC. Again, the fact that he was not getting mental health treatment was only one factor in the determination. As outlined above, the ALJ considered all of the medical evidence, testimony, his subjective complaints, and the entire record in determining his ability to work as per the application of the proper legal standard. *Taylor*, 706 F.3d at 603. Additionally, because there is no record relevant evidence that Plaintiff would be disabled, without his testimony, with or without regular medical treatment, the ALJ is not precluded from relying upon the lack of treatment as an indication of nondisability even if Plaintiff cannot afford medical treatment. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Again, that was only one factor in the analysis. For these reasons, the Court agrees with Defendant's statement that Plaintiff has failed to show that the AJL erroneously failed to consider his financial limitations.

For the reasons stated above, the Court finds that the ALJ's decision was based on substantial evidence. Macias has not demonstrated that he suffered harmful errors or prejudice.

---

[59] *Id.* at 30.

[60] *Id.* at 28-31.

## V. CONCLUSION

For the foregoing reasons, **the Court RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

**So ORDERED and SIGNED this 29th day of August 2025.**

_____
**LAURA ENRIQUEZ
UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN TH FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**